**STATE of Minnesota, Respondent,**

v.

**Patrick Thomas MAYKOSKI, Appellant.**

No. C5–97–1752.

Supreme Court of Minnesota.

Aug. 31, 1998.

## ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of the State of Minnesota for further review of the unpublished 2–1 decision of the Court of Appeals filed July 7, 1998, be, and the same is, granted for the limited purpose of reversing the decision of the court of appeals and reinstating the conviction of defendant, Patrick Thomas Maykoski, of first-degree burglary (burglary of a dwelling and another person not an accomplice is present in the building), Minn.Stat. § 609.582, subd. 1(a). The Court of Appeals reversed and remanded for a new trial on the ground that the trial court prejudicially erred in refusing a defense request to submit the included offense of fourth-degree burglary, Minn.Stat. § 609.582, subd. 4. The issue is whether the jury rationally could have acquitted the defendant of the charged offense and found him guilty of the included offense. *State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975). Resolution of that issue turns on whether the basement entered by the defendant clearly was a part of a dwelling house. If it was,

then there was no rational basis for a jury to acquit of the charged offense and find defendant guilty of the included offense.

The majority of the Court of Appeals concluded that the trial court prejudicially erred in refusing to submit the included offense. The dissenting judge concluded that the basement entered by the defendant clearly was a part of the dwelling house.

The house in question is a one-and-a-half story single-family dwelling. The house has a basement. As built, one could gain entry to the basement through an outside "bulkhead" door or through an inside door located inside a closet leading to an interior staircase. At the time with which we are concerned, the interior stairs were "kind of broken" and only "half there." The stairs to the basement through the outside door were useable. Neither the outside door nor the inside door was locked. It was not apparent to anyone from outside the house that the inside stairs were not useable.

Defendant entered the house while fleeing a police officer who was trying to execute an outstanding warrant for defendant's arrest. The officer followed defendant's tracks in the snow to the rear yard of the dwelling in question. A police dog entered the basement and barked, indicating he had found someone inside the building. When the defendant did not come out in response to an order, the officers entered the building and found defendant hiding behind a door.

The majority reasoned that the jury on these facts properly could have decided that the basement was not part of the residence because the occupant had to exit his home in order to access the basement. We conclude, however, that the basement clearly was a part of the occupied dwelling and that it does not matter that the occupant had to exit his home in order to get into the basement. Minn.Stat. § 609.581, subd. 2 defines "building" as meaning "a structure suitable for affording shelter for human beings including any appurtenant or connected structure." The statute, in subdivision 3, defines "dwelling" as meaning "a building used as a permanent or temporary residence." We believe that a basement like this one, built as part of

the dwelling house, must be deemed a part of the dwelling house regardless of whether entrance into the basement is through an interior or exterior door. In fact in this case, the owner could obtain entry to the basement either through the outside door or through the inside door, located inside a closet. The fact that the stairs from the interior door to the basement were "kind of broken" should not make a difference as far as the defendant is concerned. *Cf., People v. Ingram,* 40 Cal. App.4th 1397, 48 Cal.Rptr.2d 256 (5th Dist. 1995), *pet. for rev. denied* (Cal.1996) (court affirmed defendant's conviction of first-degree burglary based on his entry into a garage that was attached to a house, even though the garage was not connected by an inside doorway to the inhabited part of the house). The decisions are collected in Annotation, *"What Is 'Building' or 'House' Within Burglary or Breaking and Entering Statute,"* 68 A.L.R.4th 425 (1989).

Reversed and judgment of conviction reinstated.

Dated: August 27, 1998

BY THE COURT:

/s/ Kathleen A. Blatz

Kathleen A. Blatz

Chief Justice