COMMONWEALTH of Pennsylvania,
Appellee

v.

Juan M. RIVERA, Appellant.

Superior Court of Pennsylvania.

Submitted July 6, 2009.

Filed Oct. 26, 2009.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: GANTMAN, DONOHUE, JJ., and McEWEN, P.J.E.

OPINION BY GANTMAN, J:

¶ 1 Appellant, Juan M. Rivera, appeals the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for first degree burglary, criminal trespass, theft, receiving stolen property, possessing an instrument of crime, and simple assault.[1] We affirm.

¶ 2 The trial court set forth the relevant facts of this case as follows.

On April 15, 2007, around 10:55 p.m., complainant, Carmen Rivera, entered her home at 1434 East Hunting Park in Philadelphia and found her brother, [Appellant], inside her basement rummaging through her belongings. Ms. Rivera had a valid stay away order against [Appellant]. Ms. Rivera told [Appellant] to leave. Instead of leaving, [Appellant] pointed a screwdriver at his sister, and threatened to kill her. Only then did he exit his sister's basement, taking with him a radio belonging to her. Only the complainant had a key for the basement, whose entrance was from the outside of complainant's home. [Appellant] had no permission, whatsoever, to be near his sister or inside her residence.

(Trial Court Opinion, filed July 22, 2008, at 1–2) (internal citations omitted). On September 4, 2007, the court convicted Appellant of first degree burglary and the related offenses. On September 4, 2007, the court sentenced Appellant to an aggregate term of four (4) to eight (8) years of state

incarceration, followed by two (2) years of consecutive reporting probation. Appellant timely filed a notice of appeal on September 19, 2007. On November 1, 2007, the court ordered Appellant to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b), which he timely filed on December 18, 2007.

¶ 3 Appellant raises one issue for our review:

WAS NOT THE EVIDENCE INSUFFICIENT TO SUPPORT THE VERDICT OF THE INSTANT BURGLARY AS A FELONY OF THE FIRST DEGREE WHEN THE SPECIFIC LANGUAGE OF THE BURGLARY STATUTE REQUIRES A GRADING AS A FELONY OF THE SECOND DEGREE WHEN A PERSON BREAKS INTO AND STEALS FROM A BASEMENT NOT DESIGNED FOR OVERNIGHT OCCUPANCY AND NO PERSON WAS PRESENT AT THE TIME OF ENTRY?

(Appellant's Brief at 3).

¶ 4 Appellant argues the plain language of the burglary statute, 18 Pa.C.S.A. § 3502(c)(2), prohibits the court from sentencing him to first degree burglary. Specifically, Appellant contends the burglary of a basement, accessible only through an exterior entrance and used only for storage, is not a first degree burglary because the basement is not adapted for overnight accommodation. Appellant also maintains the burglary of an unoccupied portion of a building cannot be first degree burglary unless someone is present at the time of the illegal entry. Appellant submits his conduct did not constitute first degree burglary because the basement he entered was not adapted for overnight accommoda-

1.  18 Pa.C.S.A. §§ 3502, 3503, 3921, 3925, 907, 2701.

tion, and there was no one present in the basement at the time of his entry. Appellant concludes this Court must vacate his judgment of sentence for burglary as a first degree felony, designate the conviction as a second degree felony burglary, and remand for re-sentencing. We disagree.

■ ¶ 5 "Statutory interpretation implicates a question of law." *Commonwealth v. Van Aulen,* 952 A.2d 1183, 1184 (Pa.Super.2008), *appeal denied,* 600 Pa. 749, 965 A.2d 245 (2009). "Thus, our scope of review is plenary, and our standard of review is *de novo.*" *Id.* "The object of all interpretation and construction is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). "When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute."

1 Pa.C.S.A. § 1921(c).

¶ 6 The burglary statute provides in relevant part:

§ 3502. Burglary

(a) Offense Defined.—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

\* \* \*

(c) Grading.—

(1) Except as provided in paragraph (2), burglary is a felony of the first degree.

(2) If the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry, burglary is a felony of the second degree.

18 Pa.C.S.A. § 3502(a), (c)(1)-(2).

■ ¶ 7 Under the burglary statute, a defendant commits first degree burglary if he illegally enters a structure that (1) is adapted for overnight accommodation but no individual is present; (2) is not adapted for overnight accommodation but an individual is present; or (3) is adapted for overnight accommodation and an individual is present. *Commonwealth v. Ausberry,* 891 A.2d 752, 756 (Pa.Super.2006), *appeal denied,* 588 Pa. 746, 902 A.2d 1238 (2006). In other words, for burglary to qualify as a second degree felony, the illegal entry must involve a building, structure, or portion entered that is not adapted for overnight accommodation **and** no one is present. 18 Pa.C.S.A. § 3502(c)(2).

■ ¶ 8 To determine whether a structure is adapted for overnight accommodation, a court considers "the nature of the structure itself and its intended use, and not whether the structure is in fact inhabited." *Commonwealth v. Nixon,* 801 A.2d 1241, 1247 (Pa.Super.2002) (holding unoc-

cupied row-house, undergoing renovation, that had no electricity or running water constituted structure adapted for overnight accommodation). *See also Commonwealth v. Majeed,* 548 Pa. 48, 53 n. 2, 694 A.2d 336, 338 n. 2 (1997) (noting purpose of Pennsylvania burglary statute is to protect occupancy, possession, or ownership). Regarding whether a basement accessed only through an exterior entrance is a place adapted for overnight accommodation, other jurisdictions interpreting similar statutory provisions have held that an attached basement is included in the definition of a place adapted for overnight accommodation. *See State v. Maykoski,* 583 N.W.2d 587, 588–89 (Minn.1998) (holding basement built as part of house was part of dwelling, although occupant had to exit his home to access basement); *Stewart v. Commonwealth,* 793 S.W.2d 859, 861 (Ky. App.1990) (holding basement accessible only from exterior of house was part of "dwelling" within meaning of burglary statute, where owner had laundry room, refrigerator, and workshop in basement); *Burgett v. State,* 161 Ind.App. 157, 314 N.E.2d 799, 803 (1974) (stating: "Basements are located directly under the living area of a residence and are used for a variety of purposes connected with family living, such as storage of various household items, location of hearing and mechanical equipment, and laundering of clothing. Being under the same roof, functionally interconnected with and immediately contiguous to other portions of the house, it requires considerable agility to leap over this fulsome interrelationship to a conclusion that a basement is not part of a dwelling house because no inside entrance connects the two").

▪ ¶ 9 This Court has held the statutory words, "individual is present at the time of entry" apply when an occupant or owner is actually present at the time of entry or enters the structure while the defendant is still inside the structure. *Commonwealth v. Stepp,* 438 Pa.Super. 499, 652 A.2d 922, 924 (1995), *appeal denied,* 541 Pa. 638, 663 A.2d 690 (1995). *See also Commonwealth v. Knowles,* 891 A.2d 745, 748–49 (Pa.Super.2006), *appeal denied,* 587 Pa. 728, 901 A.2d 497 (2006) (applying *Stepp* to conclude entry of person while burglary was in progress satisfied 42 Pa.C.S.A. § 9714 for definitional purposes). The grading of burglary recognizes the potential for more danger when an innocent person is present during commission. *Stepp, supra* at 923. If someone is legitimately in the structure at any time during a burglary, there is the same potential for violence regardless of whether that person was present at the moment of the breaking and entering. *Id.* at 924.

¶ 10 Appellate review of a claim challenging the sufficiency of the evidence is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the

entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones,* 874 A.2d 108, 120–21 (Pa.Super.2005) (quoting *Commonwealth v. Bullick,* 830 A.2d 998, 1000 (Pa.Super.2003)).

¶ 11 Instantly, the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, demonstrates the complainant's basement was adapted for overnight accommodation. The complainant's house contains three apartments, all of which are occupied. The basement sits below the apartments under the same roof, and the complainant uses it to store personal belongings. The fact that the basement is accessible only through an exterior entrance does not sever it from the rest of the house. Moreover, the basement contains a bed, television, portable radio, and washing machine. The basement is habitable. As the basement is functionally connected to the rest of the house and habitable, it meets the definition of a "place adapted for overnight accommodation." *See* 18 Pa.C.S.A. § 3502. Further, complainant returned home and entered the basement during the burglary. Thus, complainant meets the statutory definition of "present at the time of entry" because she entered the basement while the burglary was in progress. *See Stepp, supra.* Thus, the circumstances constitute a first degree burglary. *See Ausberry, supra.* Therefore, we conclude the trial court correctly graded Appellant's burglary. Accordingly, we affirm.

¶ 12 Judgment of sentence affirmed.