COMMONWEALTH of Pennsylvania, Appellee

v.

Donn Steven WATERS, Appellant.

Superior Court of Pennsylvania.

Submitted June 8, 2009.

Filed Dec. 29, 2009.

Reargument Denied Feb. 24, 2010.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: GANTMAN, DONOHUE and CLELAND, JJ.

OPINION BY DONOHUE, J.:

¶ 1 Donn Steven Waters ("Waters") appeals from the judgment of sentence entered on April 14, 2008 following his conviction of three counts of burglary, 18 Pa. C.S.A. § 3502(a), and related crimes. On appeal, Waters challenges the trial court's classification of the burglaries as first-degree offenses under subsection (c) of the aforementioned statute. We reverse and remand for resentencing.

¶ 2 The relevant facts and procedural history of this case are as follows. On January 5, 2007, Waters was arrested at his residence at 5332 Angora Terrace in Philadelphia and charged with committing 13 burglaries [1] and related offenses. Waters subsequently waived his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and confessed to burglarizing three properties: 5330, 5336 and 5338 Angora Terrace. [2]

¶ 3 Prior to trial, Waters filed a motion to suppress his confessions. The motion was denied. After a non-jury trial, Waters was found guilty of the aforementioned three burglaries, which were graded as first-degree felonies, and related crimes. He was sentenced on April 14, 2008 to an aggregate term of 2½ to five years of imprisonment, followed by four years of probation.

---

1. Specifically, Waters was accused of stealing copper water pipes from the basements of 13 different properties.

2. The properties were urban duplex apartments consisting of an upper apartment, a lower apartment, and a basement. Each of the properties was occupied by tenants at the time of the burglaries.

¶ 4 This timely appeal followed, in which Waters raises the following question for our review:

Does not the specific language of the burglary statute, 18 Pa.C.S.A. § 3502, which makes certain burglaries felonies of the second degree, require a verdict of second degree where a person breaks into and steals from the locked and inaccessible-to-residents basement of a building in which the basement is not designed for occupancy and is separately secured from any upstairs rental apartment, and therefore, was not the evidence insufficient to support the grading of the instant burglaries as felonies of the first degree?

Appellant's Brief at 3.

¶ 5 This appeal involves a question of statutory construction, and as such, our review is plenary. *Commonwealth v. Brown,* 956 A.2d 992, 994 (Pa.Super.2008) *(en banc), affirmed,* —— Pa. ——, 981 A.2d 893 (2009). However, we conclude that it is unnecessary to engage in the proposed statutory interpretation as this Court's decision in *Commonwealth v. Rivera,* 983 A.2d 767 (Pa.Super.2009), issued subsequent to the filing of the parties' appellate briefs, addresses the specific issue raised by Waters herein.

■ ¶ 6 Under the burglary statute, a defendant commits first degree burglary if the location illegally entered: (1) is adapted for overnight accommodation but no individual is present; (2) is not adapted for overnight accommodation but an individual is present; or (3) is adapted for overnight accommodation and an individual is present. *Commonwealth v. Ausberry,* 891 A.2d 752, 756 (Pa.Super.2006), *appeal de-*

*nied,* 588 Pa. 746, 902 A.2d 1238 (2006). "In other words, for burglary to qualify as a second degree felony, the illegal entry must involve a building, structure, or portion entered that is not adapted for overnight accommodation **and** no one is present." *Rivera,* 983 A.2d at 769 (citing 18 Pa.C.S.A. § 3502(c)(2)) (emphasis in original).

¶ 7 In the case *sub judice,* there is no dispute that there were no individuals present inside the "building, structure or portion entered" when the burglaries in question occurred. Hence, in order to prove that the burglaries were first-degree offenses, the Commonwealth was required to prove that the "building, structure or portion entered" was adapted for overnight accommodation. *See Ausberry,* 891 A.2d at 756.

■ ¶ 8 "To determine whether a structure is adapted for overnight accommodation, a court considers 'the nature of the structure itself and its intended use, and not whether the structure is in fact inhabited.'" *Rivera,* 983 A.2d at 769 (quoting *Commonwealth v. Nixon,* 801 A.2d 1241, 1247 (Pa.Super.2002) (holding unoccupied row-house, undergoing renovation, that had no electricity or running water constituted structure adapted for overnight accommodation)).

■ ¶ 9 On appeal, Waters argues that the basements in question were not designed for overnight accommodation because they were separately secured from and inaccessible to the upstairs rental units.[3] Appellant's Brief at 8. He contends that the Commonwealth presented no testimony or evidence at trial that any ten-

**3.** Testimony at trial revealed that the basements of 5336 and 5338 Angora Terrace were only accessible through a locked door leading to the exterior of the building. It likewise indicated that the basement of 5330 Angora Terrace had a locked exterior door, as well as a locked door leading to a ground floor apartment which was unoccupied at the time of the burglary.

ants of the burglarized properties had keys to the basements, entered or used the basements at any time or for any purpose, or even had a right to access the basements. *Id.* at 4. Waters claims, furthermore, that there was no testimony or evidence that the basements in question were used for anything more than storing water pipes. *Id.* at 14–15.

¶ 10 In *Rivera,* this Court addressed whether the burglary of a residential basement was a first-degree burglary. We held that it was, concluding that: 1) the basement, while accessible only through an exterior entrance, was part of the living space of the larger building, 2) the resident of the living space also had full access to the basement, and 3) the basement was designed for overnight accommodation. *Rivera,* 983 A.2d at 771. In *Rivera,* the complainant owned the entire house and had keys to the basement, which contained a bed, television, portable radio, and washing machine. *Id.* Since the complainant had access to all parts of the house, including the basement, we concluded that the basement was part of the overall living space of the house.

¶ 11 In the case *sub judice,* however, the Commonwealth produced no evidence that: (1) the tenants of the apartments had keys or access to the basements burglarized by Waters, (2) the basements were part of the living space of the houses for any of the tenants, or (3) the basements were otherwise accommodated for overnight accommodation, *e.g.,* had running water or electricity, contained a bed or any other furniture, *etc.* Accordingly, the Commonwealth failed to meet its burden of proof to show that the "building, structure *or portion entered*" was part of the living space of the larger structure or was otherwise adapted for overnight accommodation.

¶ 12 As such, we conclude that the trial court erred in finding Waters guilty of committing first-degree burglaries, and remand for resentencing, at which time the trial court shall treat Water's burglaries as second-degree offenses.

¶ 13 Judgment of sentence reversed. Remanded with instructions.

¶ 14 GANTMAN, J. concurs in the result.