*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1829**

State of Minnesota,
Respondent,

vs.

Keith Dawson,
Appellant.

**Filed September 2, 2014
Affirmed
Schellhas, Judge**

Ramsey County District Court
File No. 62-CR-13-954

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, Brian P. Taylor (certified student attorney), St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Peterson, Presiding Judge; Schellhas, Judge; and

Huspeni, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment under Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant argues that the evidence is insufficient to support his conviction of first-degree burglary because the state failed to prove that he burglarized an occupied dwelling. We affirm.

## FACTS

Three men jimmied open the front doors of a St. Paul apartment complex, took an elevator to the parking garage, broke windows of three vehicles, removed a car stereo, and fled the building when a vehicle entered the garage. The apartment complex's video surveillance camera captured the incident, and law enforcement believed that appellant Keith Dawson was one of the burglars. Respondent State of Minnesota charged Dawson with first-degree burglary under Minn. Stat. § 609.582, subd. 1(a) (2012). A jury found Dawson guilty, and the district court sentenced him to 45 months' imprisonment.

This appeal follows.

## DECISION

Dawson does not dispute that he entered a building without consent; he disputes that he entered an occupied dwelling. The state argues that Dawson waived this argument because he moved for judgment of acquittal based only on alleged insufficient evidence of his identity. But "a conviction based upon anything less than 'proof beyond a reasonable doubt of every fact necessary to constitute the crime' violates the Due Process Clause of the Fifth Amendment, and amounts to plain error affecting a defendant's substantial rights." *State v. Clow*, 600 N.W.2d 724, 726 (Minn. App. 1999) (quoting *In re*

*Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970)), *review denied* (Minn. Oct. 21, 1999). We conclude that the interests of justice require us to address Dawson's insufficiency-of-the-evidence argument. *See* Minn. R. Civ. App. P. 103.04 (permitting appellate courts to "review any . . . matter as the interest of justice may require"). We therefore address the merits of Dawson's argument.

Appellate courts reviewing a claim of insufficient evidence "view the evidence in the light most favorable to the verdict and assume that the fact finder believed the state's witnesses and disbelieved any contrary evidence" and determine "whether the fact-finder could have reasonably concluded that the defendant was guilty beyond a reasonable doubt." *Gulbertson v. State*, 843 N.W.2d 240, 244–45 (Minn. 2014) (quotation omitted). The state can prove first-degree burglary if it offers sufficient evidence to prove that Dawson entered a "building" which "is a dwelling." Minn. Stat. § 609.582, subd. 1(a). The other elements of first-degree burglary are not at issue in this case.

Dawson concedes that the apartment complex is a building and that the parking garage is part of the apartment complex, but he argues that the apartment complex is not a dwelling, maintaining that only each individual apartment unit is a dwelling. A "building" is "a structure suitable for affording shelter for human beings including any appurtenant or connected structure." Minn. Stat. § 609.581, subd. 2 (2012). A "dwelling" is "a building used as a permanent or temporary residence." *Id.*, subd. 3 (2012). A "dwelling" therefore includes appurtenant structures. *State v. Hendrickson*, 528 N.W.2d 263, 265–66 (Minn. App. 1995), *review denied* (Minn. Apr. 27, 1995). Citing *State v. Johnson*, 679 N.W.2d 378, 386 (Minn. App. 2004), *review denied* (Minn. Aug. 17, 2004),

Dawson argues that, because each apartment unit has locks to keep out intruders, each apartment is a dwelling under the statutory definition of dwelling. Appellate courts review questions of statutory interpretation de novo and, when interpreting a statute, "give words and phrases their plain and ordinary meaning." *State v. Nelson*, 842 N.W.2d 433, 436 (Minn. 2014) (quotation omitted).

Dawson correctly notes that an individual apartment unit can be a separate building under the burglary statute. *See State v. Beane*, 840 N.W.2d 848, 852 (Minn. App. 2013) ("That an individual apartment within an apartment building may be considered a 'building' under the burglary statute is well-established."), *review denied* (Minn. Mar. 18, 2014); *see also State v. Koskela*, 536 N.W.2d 625, 629 (Minn. 1995) (stating that, under burglary statute, "appellant entered the victim's dwelling by leaping onto the victim's balcony" and then entering her apartment); *cf. State v. McDonald*, 346 N.W.2d 351, 352 (Minn. 1984) (concluding that burglary committed when defendant walked through part of store open to public, then entered area not open to public in effort to steal drugs). The apartment units in this case are separate buildings because they are "self-contained." *Beane*, 840 N.W.2d at 852; *see also Johnson*, 679 N.W.2d at 386 ("[W]hether a rented room is a separate building turns on, among other things, physical access, whether the unit is self-contained." (quotation omitted)). But this does not end our inquiry, because a *dwelling* includes appurtenant structures. *Hendrickson*, 528 N.W.2d at 265–66.

Here, each apartment resident in the complex is provided with one parking space in the garage. The garage can be accessed by elevator from the complex, by stairwell

from the complex, by pedestrian exit door, or by vehicle access door. We must consider whether the common hallway, elevator, and parking garage within the apartment complex are appurtenant to the individual apartment unit "buildings." Dawson cites this court's unpublished decision in *State v. Devens*, No. A12-2065 (Minn. App. Dec. 9, 2013), for the proposition that the area outside of an apartment unit is not part of the dwelling. The Minnesota Supreme Court affirmed this court in *Devens*, noting that the definition of "dwelling" under Minn. Stat. § 609.581, subd. 3, "is broad enough to include an apartment hallway" but concluding that "the apartment hallway was not Devens' castle *for the purpose of self-defense*." ___ N.W.2d ___, ___, 2014 WL 4087217, at *1, *4 (Minn. Aug. 20, 2014) (emphasis added). *Devens* does not support Dawson's argument that the area outside of an apartment unit is not part of the dwelling for purposes of the burglary committed in this case.

The evidence proved that Dawson broke into the main entrance of the apartment complex, walked through a common hallway to a common elevator, and took the elevator to the apartment residents' locked garage. We conclude that Dawson fails to show that the evidence is not sufficient to support his conviction of first-degree burglary. *Cf. State v. Maykoski*, 583 N.W.2d 587, 588–89 (Minn. 1998) (concluding that a basement "clearly was a part of the occupied dwelling" while noting that the basement was "built as part of the dwelling house"); *State v. Schotl,* 289 Minn. 175, 179–80, 182 N.W.2d 878, 880–81 (1971) (concluding that entry into a store attached to a residence constitutes entry of a dwelling because "the breaking and entering of any part of the structure was a breaking and entering of a dwelling which was habitually used and occupied by the owner's

family"). Accordingly, we conclude that the common hallway, elevator, and parking garage were appurtenant structures to the apartment units and therefore were part of a dwelling. The evidence is sufficient to support Dawson's conviction of burglary of a dwelling.

**Affirmed.**