**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL RICHARD HORNING, | |
| Appellant | No. 166 WDA 2015 |

Appeal from the Judgment of Sentence of October 1, 2014
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000530-2013

BEFORE:  BOWES, OLSON & STABILE, JJ.

MEMORANDUM BY OLSON, J.:                 **FILED DECEMBER 30, 2015**

Appellant, Daniel Richard Horning, appeals from the judgment of sentence following his jury trial convictions for possession with intent to deliver narcotics (PWID), knowingly or intentionally possessing a controlled or counterfeit substance by an unregistered person, possession of drug paraphernalia, and conspiracy.[1]  Upon careful review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  On June 26, 2012, the Somerset County Drug Task force arrested Appellant after utilizing a confidential informant to purchase heroin from him and a co-defendant.  On August 6, 2014, a jury convicted Appellant of the

---

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), and 18 Pa.C.S.A. § 903, respectively.

aforementioned charges. On October 1, 2014, Appellant appeared for sentencing wherein the trial court was presented with a presentence investigation (PSI) report. Counsel for Appellant objected to the calculation of Appellant's prior record score as reflected in the PSI report. More specifically, Appellant argued that, as a juvenile, he was adjudicated delinquent for the burglary of a business, which is classified as a felony of the second-degree, but the PSI report listed the offense as a first-degree felony. Appellant alleged that the error resulted in the computation of an erroneous prior record score of four instead of three and, thus, improperly raised the sentencing guidelines. The trial court allowed Appellant's counsel to retrieve Appellant's juvenile records for inspection. Upon review, the order of adjudication, dated April 9, 2003, stated Appellant was adjudicated delinquent on the charge of burglary, a felony of the first-degree. Thus, the trial court found that the PSI report accurately reported Appellant's prior record score. The trial court sentenced Appellant to 21 months to five years of incarceration for PWID and an identical, concurrent sentence for conspiracy. Appellant received no additional term of imprisonment on the remaining charges. This timely appeal followed.[2]

---

[2] On October 9, 2014, Appellant filed a post-sentence motion requesting the trial court modify his sentence consistent with a prior record score of three. The trial court denied relief by order entered on January 7, 2015. On January 26, 2015, Appellant filed a timely notice of appeal. On January 27, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied
*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issue for our review:

> Whether the trial court erred in finding that Appellant had a prior record score of four, by treating a juvenile adjudication for burglary as a conviction for a felony of the first[-]degree, warranting three prior record score points, where said adjudication appeared to be for a burglary of a business and thus a felony of the second[-]degree, constituting two prior record score points, or the records were far from clear that such was for a felony of the first[-]degree, and the Commonwealth essentially conceded such?

Appellant's Brief at 7 (complete capitalization omitted).

Initially, we note that Appellant's claim implicates the discretionary aspects of sentencing. *See Commonwealth v. Johnson*, 758 A.2d 1214, 1216 (Pa. Super. 2000) ("A challenge to the calculation of the [s]entencing [g]uidelines raises a question of the discretionary aspects of a defendant's sentence."). Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

_(Footnote Continued)_ ⸻

timely on February 4, 2015. On March 18, 2015, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) stating the reasons for its decision were set forth on pages 16 and 17 of the sentencing hearing transcript. Upon review, that portion of the proceeding related to the retrieval of the order of adjudication that specified the underlying burglary was graded as a first-degree felony.

> sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* (citation omitted).

Here, Appellant complied with the first three requirements above. Moreover, we have held that a claim that a trial court's improper consideration of a prior conviction, with a resulting improper prior record score, raises a substantial question that a fundamental norm underlying the sentencing process has been violated. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003) (holding the contention the trial court miscalculated a prior record score raises a substantial question). Thus, we will examine Appellant's claim.

Appellant argues, "his 2002 juvenile adjudication was for the burglary of a business, specifically a grocery store, which should have made it a second-degree felony, which would have lowered his prior record score to [three], which would decrease his sentence." Appellant's Brief at 9. He maintains that his juvenile records "did not list any statutory sub-sections for the burglary charge" and there is "simply no way to determine what specific sub-section of 18 Pa.C.S.A. § 3502 Appellant had, over a decade earlier, been adjudicated delinquent for." *Id.* In support, Appellant notes that the trial court stated at sentencing that "it did not know if the 'juvenile court records were wrong 13 years ago.'" *Id.* at 10. Appellant also argues that the Commonwealth essentially conceded that the prior adjudication

- 4 -

should have been graded as a second-degree burglary, but then claimed, "there was nothing that anyone could do about the error in those past juvenile proceedings, and the court should continue forward with a prior record score of [four]." *Id.* Appellant contends, in enhancing his sentence, the Commonwealth bore the burden of proving beyond a reasonable doubt that his prior record score was correct pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and it did not meet that burden. *Id.* at 17-20.

Our well-settled standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> [...]In fashioning a sentence, the trial court must impose a term of confinement consistent with the protection of the public, the gravity of the offense as it relates to the impact of the victim and to the community, and the rehabilitative needs of the defendant.... Although the trial court must consider the [s]entencing [g]uidelines, the court is not obligated to impose a sentence deemed appropriate under the [s]entencing [g]uidelines. At the same time, the trial court cannot justly sentence a defendant unless it possesses sufficient and accurate information about the circumstances of the offense and the character of the defendant to formulate its judgment. In imposing a defendant's sentence, the trial court must state the reasons for the sentence on the record. As long as the trial court's reasons demonstrate

> that it weighed the [s]entencing [g]uidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed.

*Anderson*, 830 A.2d at 1018-1019 (internal citations omitted).

The trial court, in determining the guideline sentence for a criminal conviction, must establish the defendant's prior record score. 204 Pa.Code § 303.2(a)(2). The prior record score "is based on the type and number of prior convictions (§ 303.5) and prior juvenile adjudications (§ 303.6)." 204 Pa.Code § 303.4(a). In pertinent part, Section 303.6 provides that prior juvenile adjudications are counted in the prior record score when the juvenile offense occurred on or after the offender's 14th birthday and there was an express finding by the juvenile court that the adjudication was for a felony. 204 Pa. Code § 303.6(a). Here, the juvenile petition shows Appellant's date of birth is January 5, 1986 and the underlying burglary was committed on October 10, 2002. Thus, Appellant was 16 years old at the time the crime was committed. Accordingly, because there is no dispute that the underlying burglary constituted a felony, the adjudication was properly included in the prior record score. We turn now to examine Appellant's challenge to the grading of that burglary adjudication.

Initially, we reject Appellant's contention that the Commonwealth was required to prove the prior record score was accurate beyond a reasonable doubt. Appellant has not identified, nor have we independently found, legal authority to support this claim. "When reviewing whether the evidence supports application of a sentencing enhancement provision, this [C]ourt has

held that a preponderance of the evidence standard is appropriate and does not violate due process, [when] the provision that allows for the enhancement is not an element of the crime charged." *Commonwealth v. Walker*, 666 A.2d 301, 304 (Pa. Super. 1995). "[A] preponderance of the evidence is the lowest burden of proof in the administration of justice, and it is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly in one's favor." *Commonwealth v. Ortega*, 995 A.2d 879, 886 n.3 (Pa. Super. 2010) (internal quotations and citation omitted).

*Alleyne* is simply inapplicable to the case at bar. That case dealt with legality of sentence and whether the underlying facts for the imposition of mandatory minimum sentences were proven beyond a reasonable doubt. *See Commonwealth v. Brunson*, 2015 WL 6575591, at *8 (Pa. Super. Sept. 11, 2015) ("In *Alleyne,* the Supreme Court held that the Due Process Clause of the Federal Constitution requires each factor that increases a mandatory minimum sentence be submitted to a jury and found beyond a reasonable doubt."). Here, there is no basis for the contention that the calculation of Appellant's prior record score implicated the imposition of a mandatory minimum sentence.

Instead, this Court has previously determined:

> The practice for calculation of a prior record score usually is as follows: The court orders a presentence report, which contains a list of prior arrests and convictions. The court examines the report, and, at the sentencing hearing, listens to arguments by prosecution and defense counsel and entertains their suggestions as to sentence. At that time,

counsel make objections to information obtained in the report and the court takes their arguments into consideration.

\* \* \*

[Accordingly]*,* we hold that the defense has the burden of alleging invalid prior convictions, and that if the allegations appear to have merit, the court ordinarily should inquire into the circumstances surrounding the convictions. If the allegations warrant it, the court should require the production of evidence by the Commonwealth showing the validity of the convictions. If the defendant fails to prove to the satisfaction of the court that the inference of constitutional adjudications is wrong, the court may infer that a presentence report showing convictions is accurate, and proceed on that basis.

*Commonwealth v. Charles*, 488 A.2d 1126, 1132 (Pa. Super. 1985) (some citations omitted).

Here, the trial court, in clarifying Appellant's prior record score, examined the juvenile petition and the order of adjudication and entered those exhibits into the record without objection. N.T., 10/1/2014, at 17-18. The trial court found that the order of adjudication specifically stated that Appellant was "adjudicated delinquent on the charge[] of burglary, a felony of the first[-]degree" and concluded the PSI report was accurate. *Id.* at 16-17. Upon review, we agree.

Further, we find additional support in the underlying factual basis of the juvenile petition to support to the trial court's conclusion. The juvenile petition states:

BURGLARY – 3502 (F1) – The defendant did unlawfully enter a building, occupied structure or separately secured or occupied po[r]tion thereof at 152 Yoder Road, Meyersdale,

Pennsylvania 15552, Summit Discount Groceries, property of Mervin Henry Yoder with the intent to commit the crime of Theft therein, at a time when the premises were not open to the public and the actor was not licensed or privileged to enter, in that the defendant did force entry into the store and attempted to steal (quarters) from the register prior to **being caught in the store by the victim and friends**.

Juvenile Petition, Defense Exhibit 1, at 2 (emphasis added).

We have stated:

Under the burglary statute, **a defendant commits first[-] degree burglary if the location illegally entered**: (1) is adapted for overnight accommodation but no individual is present; (2) **is not adapted for overnight accommodation but an individual is present**; or (3) is adapted for overnight accommodation and an individual is present. In other words, for burglary to qualify as a second[-]degree felony, the illegal entry must involve a building, structure, or portion entered that is not adapted for overnight accommodation **and** no one is present.

*Commonwealth v. Waters*, 988 A.2d 681, 683 (Pa. 2009) (emphasis added). Relevant here, the burglary statute specifically delineates a first-degree felony when one "enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which **at the time of the offense any person is present**[.]" 18 Pa.C.S.A. § 3502(a)(3) (emphasis added). "The grading of burglary recognizes the potential for more danger when an innocent person is present during [its] commission." *Commonwealth v. Rivera*, 983 A.2d 767, 770 (Pa. Super. 2009) (citation omitted). "If someone is legitimately in the structure **at any time during a burglary**, there is the same potential for violence regardless of whether that person

was present at the moment of the breaking and entering." ***Id.*** (citation omitted) (emphasis added). Appellant concedes that "the records show he was caught in the act[.]" Appellant's Brief at 12. Because others were present when Appellant burglarized the grocery store, his adjudication was suitably graded a first-degree burglary.

For all of the foregoing reasons, we conclude that the preponderance of the evidence burden of proof was satisfied herein because the evidence tipped in the Commonwealth's favor and showed that the grading of Appellant's burglary adjudication as a first-degree felony was proper. Because Appellant failed to prove to the satisfaction of the trial court that the inference of his first-degree felony burglary adjudication was wrong, the trial court could infer that the PSI report accurately reflected that adjudication and its grading. Hence, Appellant's prior record score was correct for sentencing purposes.

Accordingly, based upon our review of the record, we discern no abuse of discretion in calculating Appellant's prior record score and Appellant's sentencing claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2015