J-S01021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
v.                   :
:
:
SHAWN LEE SMITH           :
:
Appellant       :   No. 351 MDA 2024

Appeal from the Judgment of Sentence Entered January 17, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000614-2021

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:             **FILED APRIL 15, 2025**

Appellant, Shawn Lee Smith, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his jury trial convictions for robbery and burglary.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On May 9, 2020, police filed a criminal complaint charging Appellant with one count each of robbery and burglary. On August 18, 2023, the court conducted a jury trial in absentia.[2] The trial court summarized the evidence introduced at trial as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 3701(a)(1)(iv) and 3502(a)(1)(i), respectively.

[2] Appellant was present at the beginning of jury selection and then left the courthouse. Trial counsel attempted to contact Appellant but was unsuccessful. Counsel represented Appellant throughout the trial.

At trial, George Crum testified that on December 12, 2019, he was at a bar in downtown Harrisburg called the Alva; his friend, Tom Kinsler, was also there. At a certain point, Mr. Crum decided to leave and walked to the bus nearby. Mr. Kinsler was with Mr. Crum, and the two men traveled on the bus to Mr. Crum's apartment complex in Swatara Township. Mr. Crum explained that to gain access into his apartment building, you need a key card for the front door. When he and Mr. Kinsler got into the elevator to go to his apartment, he noticed two men that he did not recognize get in with them. There was no interaction with the men in the elevator. Mr. Crum and Mr. Kinsler entered his apartment and Mr. Crum sat down. Almost immediately, the two men from the elevator were in Mr. Crum's apartment. Mr. Crum was hit in his face with a closed fist, and one of the men removed $60 in cash that he had in his pants pocket. The men also took a bottle of liquor off of the table.

Mr. Crum identified one of the men as wearing a lime green jacket that appeared to be turned inside out. Mr. Crum reviewed video taken from the hallway of his apartment that evening which showed the two men directly behind Mr. Crum and Mr. Kinsler as they walked out of the elevator and down the hallway toward his apartment. After the incident Mr. Crum called police. He believed that the men must have been "working" with someone at the bar who saw where he put his money because the individual knew what pocket his money was in.

Abraham Mater testified that he owns the Alva, located on South Fourth Street in Harrisburg. He identified a man who he knew from the bar as "Smitty" as [Appellant] from a photograph the police showed him. After showing the photograph to other patrons of the bar they also identified "Smitty" as the person in the photograph. Mr. Mater testified that fairly often when [Appellant] was at the bar, he was wearing a Pittsburgh Steelers hooded sweatshirt. He also knew Mr. Crum as a patron of the bar.

[Detective] Ryan Gartland testified that he has been a detective with the Swatara Township Police Department since 2019 and was assigned to the investigation of the incident which occurred on December 12th. He obtained the video footage from Mr. Crum's apartment complex which

included several different floors from several different angles. A picture of the individuals was taken from the video and given to Crimewatch and news outlets in an attempt to generate leads. A detective from Susquehanna Township contacted Detective Gartland and provided [Appellant's name and] birthdate, and after looking up the information [Detective Gartland] immediately recognized [Appellant] as the individual in the videos. He conducted an interview with Mr. Crum, who informed him that he did not think he would be able to identify the individuals who entered his apartment. Detective Gartland was able to retrieve video surveillance from the CAT (Capital Area Transit) bus that Mr. Crum rode to his apartment. He explained that the video he obtained was actually broken into three separate videos containing different views.

In one of the views, Detective Gartland was able to identify Mr. Crum, Mr. Kinsler, and an unidentified suspect wearing a green jacket, and the Appellant waiting to get onto the same bus. Appellant is identified in the video as wearing a dark gray hooded Pittsburgh Steelers sweatshirt and a black jacket. In another view, the 4 men are shown on the bus sitting near each other. The video shows the Appellant and the other unidentified individual exit the bus before Mr. Crum and Mr. Kinsler. From a different video view, as the bus pulls away, Appellant and the unidentified individual are seen standing behind a hedgerow near the sidewalk to the apartment building.

In reviewing the videos, there was no interaction at any time between Appellant, the unidentified defendant, Mr. Crum and Mr. Kinsler. It was Detective Gartland's opinion that Appellant and the unidentified defendant were trying to conceal their faces in the videos. At a certain point, the Appellant pulled the hood of his sweatshirt up and pulled the strings to it tightly around his face. The unidentified defendant also pulled the collar of his jacket up around his face.

Detective Gartland testified that the other individual with Appellant was never identified. The only description that Mr. Crum was able to provide was that it was a very dark-skinned black male. After speaking with Mr. Mater, who also identified Appellant from a photograph, he learned Appellant

lived in an apartment in downtown Harrisburg.

(Trial Court Opinion, dated 5/21/24, at unnumbered pages 3-5).

At the close of trial, the jury found Appellant guilty of robbery and burglary. The court deferred sentencing pending apprehension, and on January 17, 2024, after Appellant was apprehended, imposed a sentence of 5 to 10 years' imprisonment for robbery and a concurrent sentence of 25 to 50 years' imprisonment for burglary. Appellant filed a timely post-sentence motion, which the court denied on January 29, 2024. This timely appeal followed. Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal on April 4, 2024.[3]

Appellant raises two issues on appeal:

> Whether the trial court erred in accepting the jury's verdict where the Commonwealth failed to present sufficient evidence Appellant had committed the crimes of robbery and burglary[?]

> Whether the trial court erred in accepting the jury's verdict which was contrary to the evidence presented at trial which established that it was Appellant who entered the building and took the money[?]

(Appellant's Brief at 4) (unnecessary capitalization omitted).

Appellant's first issue concerns the sufficiency of the evidence to support his convictions. When examining a challenge to the sufficiency of evidence,

---

[3] On May 22, 2024, trial counsel filed a motion to withdraw. On May 29, 2024, the trial court granted counsel's motion and appointed appellate counsel to represent Appellant.

our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

In the first part of this issue, Appellant argues that the Commonwealth failed to produce sufficient evidence to support his robbery conviction. Specifically, Appellant claims that the Commonwealth failed to prove that he committed a theft by inflicting bodily injury. Appellant contends that Mr. Crum testified that he was hit with a closed fist. Appellant emphasizes that there

was no blood from the injury, and Mr. Crum testified that he was "shook up" more than anything. Appellant insists that this testimony did not prove bodily injury, threat of bodily injury, or fear of bodily injury, as there was no evidence of impaired physical condition or substantial pain. On this basis, Appellant concludes that the evidence was insufficient to sustain his conviction for robbery. We disagree.

The Crimes Code defines the offense of robbery in pertinent part, as follows:

> **§ 3701. Robbery**
>
> **(a) Offense defined.**—
>
> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
> \* \* \*
>
> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]

18 Pa.C.S.A. § 3701(a)(1)(iv). "Bodily Injury" means "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

This Court has held that the victim does not need to testify as to his subjective state of mind to sustain a robbery conviction under Section 3701(a)(1)(iv). Specifically, this Court has explained:

> In determining whether all of the elements of the crime of robbery have been met, a reviewing court will consider the defendant's intent and actions and not necessarily the subjective state of mind of the victim. Whether the victim was in fact put in fear under such circumstances [is] not

- 6 -

controlling.

***Commonwealth v. Davison***, 177 A.3d 955, 957 (Pa.Super. 2018) (holding that Commonwealth provided sufficient evidence to convict appellant under Section 3701(a)(1)(iv), where defendant punched victim in head three or four times, and she had bump and bruising after; caselaw does not require victim to quantify precise level of pain sustained to establish that victim sustained bodily injury in course of robbery"); ***Commonwealth v. Torres***, No. 699 MDA 2023 (Pa.Super. filed Feb. 14, 2024) (unpublished memorandum) (holding that evidence was sufficient to prove guilt under Section 3701(a)(1)(iv) where appellant followed victim into apartment building, hit victim's head, took victim's phone and wallet, and fled scene).[4]

Instantly, the trial court explained:

> [T]he evidence presented established that Appellant, with another unidentified individual, followed Mr. Crum from a bar to a bus stop, got on the bus and rode to his apartment, where the men forced their way into Mr. Crum's apartment. Upon entering the apartment, Mr. Crum was assaulted, and money was taken from the pocket of his pants, along with a bottle of alcohol that was sitting on a table.

(Trial Court Opinion at unnumbered page 5).

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that the evidence was sufficient to prove that Appellant inflicted bodily injury upon his victim, Mr. Crum, or at

---

[4] ***See*** Pa.R.A.P. 126(b) (explaining that we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value)

a minimum, intentionally put him in fear of immediate bodily injury, while in the course of committing a theft. The evidence demonstrated that Mr. Crum was in his home when he realized that two strangers had followed him home and broken into his apartment. Mr. Crum was then punched in the face after which Appellant and the other assailant stole his money. (**See** N.T. Trial, 8/17/23, at 19, 26-27). On this record, the evidence was sufficient to establish Appellant's guilt under Section 3701(a)(1)(iv). **See Sebolka, supra**. Appellant's challenge to the sufficiency of the evidence to support his robbery conviction is meritless.

Next, Appellant claims that the evidence was insufficient to sustain his conviction for burglary. Specifically, Appellant argues that the Commonwealth failed to prove that he entered an occupied structure. Appellant claims that the Commonwealth failed to prove that the building was adapted for overnight accommodations, or that Mr. Crum slept in the building. Appellant also reiterates his earlier argument that the evidence was insufficient because there was no evidence presented to suggest that Mr. Crum suffered bodily injury. Finally, Appellant maintains that there was no physical evidence which placed Appellant at the building. On these grounds, Appellant concludes the Commonwealth presented insufficient evidence to sustain his conviction for burglary. We disagree.

The version of Section 3502 of the Crimes Code that was in effect at the time of Appellant's offenses defined burglary, in relevant part, as follows:

**§ 3502. Burglary**

**(a) Offense defined.—** A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein;

18 Pa.C.S.A. § 3502(a)(1)(i) (effective Jan. 3, 2017 to Sept. 8, 2022).

"To determine whether a structure is adapted for overnight accommodation, a court considers 'the nature of the structure itself and its intended use, and not whether the structure is in fact inhabited.'" ***Commonwealth v. Rivera***, 983 A.2d 767, 769 (Pa.Super. 2009), *appeal denied*, 606 Pa. 647, 992 A.2d 888 (2010) (quoting ***Commonwealth v. Nixon***, 801 A.2d 1241, 1247 (Pa.Super. 2002)). ***See also Commonwealth v. Headley***, 242 A.3d 940, 948 (Pa.Super. 2020) (holding that apartment within building was occupied structure for purposes of crime of discharging firearm into occupied structure).

Additionally, "[a] victim's in-court testimony, identifying the defendant as the perpetrator of a crime, is by itself sufficient to establish the identity element of that crime." ***Commonwealth v. Johnson***, 180 A.3d 474, 478 (Pa.Super. 2018), *appeal denied*, 651 Pa. 431, 205 A.3d 315 (2019) (citing ***Commonwealth v. Patterson***, 940 A.2d 493, 502 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008)).

Instantly, Mr. Crum testified at trial that "[a]s soon as I got in my home door, I sat down. I had cellulitis in my knees, and I wasn't feeling well, so when I got in, I was just sitting in my chair with my head down like this. And all of a sudden, my door opened up, and I got approached. I got hit." (N.T. Trial, 8/17/23, at 19-20). Mr. Crum confirmed that the apartment was "where I lived." (*Id.* at 21). At trial, Mr. Crum also identified Appellant as one of the individuals who entered his apartment and robbed him. *See Johnson, supra*. Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to sustain Appellant's burglary conviction. *See Sebolka, supra*. Thus, Appellant's challenge to the sufficiency of the evidence supporting his burglary conviction is meritless.

In his second issue, Appellant challenges the weight of the evidence in support of his convictions.[5] Appellant argues that Mr. Crum's uncertainty in his identification of Appellant, and his inability to identify the other individual, resulted in a verdict that shocked one's sense of justice and should be overturned. Appellant concludes the trial court erred in denying his motion for a new trial based on the weight of the evidence. We disagree.

When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder
> of fact who is free to believe all, part, or none of the

---

[5] Appellant preserved his challenge to the weight of the evidence by raising it in his post-sentence motion for a new trial. *See* Pa.R.Crim.P. 607.

> evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Rivera*, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

Instantly, in reviewing Appellant's weight claim, the trial court explained:

> As discussed above, the evidence presented supports Appellant's convictions for robbery and burglary. Because Appellant has not specifically highlighted how the verdict was against the weight of the evidence and discerning nothing in the verdict that shocks one's sense of justice, we conclude that Appellant's argument in this regard lacks merit.

(Trial Court Opinion at unnumbered page 8).

Here, the jury found that the credible evidence identified Appellant as the individual who entered Mr. Crum's apartment and committed a robbery and burglary therein. We see no reason to disrupt the court's ruling on

- 11 -

Appellant's weight claim. **_See Champney, supra_**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/15/2025