538 A.2d 887

**COMMONWEALTH of Pennsylvania**

v.

**Anthony WHITE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 4, 1988.

Filed March 7, 1988.

John Packel, Assistant Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and WATKINS and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence imposed following appellant's conviction, in a nonjury trial, of criminal trespass, a felony, and attempted theft. The sole issue is whether the ladies' room entered by appellant was a separately secured or occupied portion of the Society Hill Club within the meaning of 18 Pa.C.S. § 3503(a) so as to justify his conviction of criminal trespass. We agree with

the trial court that appellant's offense constituted criminal trespass, and affirm the judgment of sentence.

On March 29, 1986, appellant entered the Society Hill Club in Philadelphia, and went into the ladies' room. An aerobics instructor was alone in the room, in a bathroom stall. Appellant attempted to push the stall door open, and she told him the stall was occupied. Moments later, when she emerged, she saw that appellant had taken her gym bag from outside the stall, and was rifling its contents in the adjacent locker area of the ladies' room. She asked him to return her gym bag.

In response, appellant dropped his trousers and approached her in a threatening manner, using obscene language and making indecent propositions, while blocking the exit from the ladies' room. The instructor told appellant that an aerobics class would be entering the room at any minute, whereupon appellant fled. He was arrested a short time later hiding a few blocks away from the club, and was identified as the intruder.

Appellant was charged with burglary, attempted rape, criminal trespass, unlawful restraint, assault, terroristic threats, attempted theft, and defiant trespass. He waived his right to a jury and was tried on July 24, 1986, before the Honorable Theodore A. McKee, who found him guilty of criminal trespass and attempted theft, acquitting him of the other charges. Following the denial of post-trial motions, appellant was sentenced to an aggregate term of one and one-half to three years imprisonment.

Appellant challenges only his conviction of criminal trespass. Specifically, he argues that the trial court erred in finding that his conduct violated 18 Pa.C.S. § 3503(a); he claims his conduct, at worst, offended § 3503(b), defiant trespass. Appellant argues that it was error to interpret the statute in such a way as to consider the Society Hill Club ladies' room as a "separately secured or occupied portion" of a building. He claims he merely entered a

"place as to which notice against trespass is given by ... posting in a manner ... reasonably likely to come to the attention of intruders," so that he was guilty only of defiant trespass, a misdemeanor.

The statute provides:

### § 3503. Criminal trespass

**(a) Buildings and occupied structures.—**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

(2) An offense under paragraph (1)(i) is a felony of the third degree, and an offense under paragraph (1)(ii) is a felony of the second degree.

. . . .

**(b) Defiant trespasser.—**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i) actual communication to the actor; or

(ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or

(iii) fencing or other enclosure manifestly designed to exclude intruders.

(2) An offense under this subsection constitutes a misdemeanor of the third degree if the offender defies an order to leave personally communicated to him by the owner of the premises or other authorized person. Otherwise it is a summary offense.

18 Pa.C.S. § 3503.

We hold that appellant's entry into the ladies' room violated § 3503(a)(1)(i), and therefore affirm his conviction

of felonious criminal trespass. We deem the ladies' room to be a separately secured or occupied portion of the structure housing the Society Hill Club.

*Commonwealth v. Cannon,* 297 Pa.Super. 106, 443 A.2d 322 (1982), noted that the Pennsylvania statute is taken from section 221.1 of the Model Penal Code. The following official commentary helps explain this provision:

> The provision as to separately secured or occupied portions of buildings and structures takes care of the situation of apartment houses, office buildings, steamships with many private cabins, etc., where occupancy is by unit. It is the unit rather than the structure which must be safeguarded, even against the occupants of other units in the same structure.

Model Penal Code, T.D. 11, § 221.1, p. 59 (1960). The trial court stated that the criminal trespass statute gives legal protection to the expectation of privacy that the occupants of the smaller units would realistically assume. The court concluded that the legislature intended to afford the occupants of a restroom the same protection afforded occupants of an office. Trial court opinion, 10/9/87, at 5. We agree.

Although the occupancy of the ladies' room is extensive, encompassing all women in the club, it is nevertheless true that all women in the restroom may exclude all men, even those legitimately in the club, from occupying that area. The ladies' room is therefore "separately secured or occupied" for precisely the same reason that an office in an office building is—it is reserved for the exclusive use of only a subset of the total population authorized to use the larger structure. Accordingly, the trial court was correct in concluding that appellant's conduct violated 18 Pa.C.S. § 3503(a)(1)(i).

Judgment of sentence affirmed.