ROWLEY, President Judge:
Before us are the Commonwealth’s consolidated appeals from the judgments of sentence entered against appellees/co-defen-dants Daniel Jason Ott and Matthew Scott Signor. Following a bench trial before the Honorable Thomas C. Raup, appellees were convicted of burglary as a felony of the second degree, pursuant to 18 Pa.C.S. § 3502(c)(2), and were sentenced for burglary as a felony of the second degree, pursuant to the sentencing guidelines at 204 Pa.Code § 303.8. The Commonwealth presents us with a single issue: whether Judge Raup erred in sentencing appellees by means of an offense gravity score of five for a conviction under 18 Pa.C.S. § 3502. Implicit in this claim is the argument that the trial court ought to have found appellees guilty of burglary as a felony of the first degree, rather than as a felony of the second degree. For the following reasons we affirm the judgment of sentence.
In 1990, the Pennsylvania legislature amended 18 Pa.C.S. § 3502 to encompass a lesser grade of burglary.[1] That is, instead of classifying all burglaries as felonies of the first degree, the statute now establishes a gradation, based on the inherent, potential seriousness of the criminal act, between burglary as a felony of the first degree and burglary as a felony of the second degree:
(a) Offense defined. — A person is guilty of burglary if he enters a budding or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.
[[Image here]]
(c) Grading.—
(1) Except as provided in paragraph (2), burglary is a felony of the first degree.
(2) If the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry, burglary is a felony of the second degree.
18 Pa.C.S. § 3502 (emphasis added).
In the present case, appellees were convicted of burglary as a felony of the second degree after breaking into a garage and taking a case of beer while the property owners were asleep in the bedroom of the attached house. A single locked door separated the garage from the kitchen of the home. There was no evidence that appellees attempted to enter into the kitchen through the door leading to and from the garage. The primary issue at the bench trial[2] was whether the budding, structure, or portion entered was adapted for overnight accommodation, and whether an individual was present. See 18 Pa.C.S. § 3502(c)(2). The Commonwealth claims that the trial court should have applied the sentencing criteria for a conviction of 18 Pa.C.S. § 3502(c)(1), because, it is argued, the garage was part of a continuum with the actual living space of the home. Appellees concede that a burglary had occurred, but they claim that because the garage was not itself adapted for overnight use, and because no one was present in the garage, subsection (e)(2) is applicable. Thus, the ultimate issue at trial was whether appel-lees were guilty of a felony of the first or second degree.
*718 Pennsylvania appellate courts have yet to decide whether burglary of an attached garage under the circumstances here present, should be deemed a felony of the first degree (“enters a building or occupied structure, or separately secured or occupied portion thereof, with the intent to commit a crime therein”) or a felony of the second degree (“If the budding, structure or portion entered is not adapted for overnight accommodation and if no individual is pres-ent_”). While we would welcome an opportunity to clarify this interesting question of law,[3] we are not able to do so here because the issue is not properly before us in this appeal.
Our review of the case record illustrates that, while the Commonwealth claims its appeal involves a sentencing issue coupled with a question of proper offense gravity scoring, the actual Commonwealth argument is that the trial court should have found appellees guilty of burglary as a felony of the first degree, rather than burglary as a felony of the second degree. However, not a single reference is made anywhere in the record to show that the Commonwealth charged appel-lees with burglary as a felony of the first degree.[4] In the complaint filed against appellees, it is charged that they had committed “Burglary. Sect. 3502(a). F2.” (emphasis added). Furthermore, the transcript returned by the district justice to the court of common pleas described the charges for which the appellees were held for court as “Burglary ... Ft ”. Transcript (emphasis added). The information filed by the district attorney against appellees charged the offense of burglary, without designating whether it was a felony of the first or of the second degree. Most importantly, however, after trial the court entered a written verdict, which stated “that the [appellees] committed the offenses alleged in the information, i.e., on October 25, 1991 the offenses of burglary, a felony of the second degree....” (emphasis added).
Thus, appellees were convicted only of burglary as a felony of the second degree. Such a verdict, in essence, acts as an acquittal of burglary as a felony of the first degree. However, the Commonwealth, by implication, now asks us to vacate the trial court’s verdict and find appellees guilty of burglary as a felony of the first degree. This we cannot do. Once appellees were found guilty by the fact-finder of burglary as a felony of the second degree, they cannot be convicted of burglary as a felony of the first degree for the same offense. See Pa.R.Crim.P. Rule 1120(d); Commonwealth v. Kemmerer, 526 Pa. 160, 584 A.2d 940 (1991); Commonwealth v. Roberts, 484 Pa. 500, 399 A.2d 404 (1979); Commonwealth ex rel. Light v. Cavell, 422 Pa. 215, 220 A.2d 883 (1966). The only means, in fact, by which we would be able to address the Commonwealth’s instant claim of improper sentencing within the parameters of 18 Pa.C.S. § 3502 and 204 Pa.Code § 303.8 would be if appellees had been found guilty *719 of burglary as a felony of the first degree.[5]. Instead, although the Commonwealth charged appellees with burglary as a felony of the second degree, and they were specifically convicted of that offense, it now claims that the trial court ought to have sentenced appellees pursuant to the guidelines for a burglary as a felony of the first degree conviction.
We hold, therefore, that the trial court followed the specific dictates of the sentencing guidelines in sentencing appellees'pursu-ant to an offense gravity score of five, based on appellees’ convictions of burglary as a felony of the second degree.
Judgment of sentence affirmed.

. As amended 1990, Dec. 19, P.L. 1196, No. 201 § 1, effective July 1, 1991. Prior to this amendment, all burglaries in the Commonwealth were felonies of the first degree. See Monitor, The Pennsylvania Commission on Sentencing, August 1991, at 5-6. Despite the July 1, 1991 amendment, however, burglary remains a felony of the first degree, except "[i]f the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry,” in which case the offense is a felony of the second degree.

. Following the trial judge’s description of a non-jury trial to appellees, counsel for appellees were asked if they, too, were agreeable to a non-jury proceeding. Both responded affirmatively, at which time the following exchange took place:
THE COURT: As I understand, the main reason [for conducting the trial non-jury] is there are legal issues which are paramount concerns here as apposed [sic] to factual issues?
MR. MITCHELL: That’s correct Your Honor.
MR. CAMPANA: Yes Your Honor.
Trial Transcript at 5, 7/21/93.

. Compare Commonwealth v. Jackson, 401 Pa.Super. 426, 585 A.2d 533 (1991) (for the purposes of sentencing guidelines, pursuant to a charge of burglary, a house is "occupied” when owner or tenant is on back porch. See 18 Pa.C.S. § 3503(a); 204 Pa.Code § 303.8); Commonwealth v. Evans, 393 Pa.Super. 500, 574 A.2d 1051 (1990) (unauthorized entry into an outdoor area used for business storage and enclosed with a locked chain-link fence violates "occupied structure" provision of criminal trespass statute. See 18 Pa.C.S. § 3503(a)); Commonwealth v. White, 371 Pa.Super. 578, 538 A.2d 887 (1988) (entry by man into women’s restroom at a private club violates “separately secured or occupied portion” of criminal trespass statute. See 18 Pa.C.S. § 3503(a)(l)(ii)); Commonwealth v. Dickison, 334 Pa.Super. 549, 483 A.2d 874 (1984) (where no one was present in the motel units when the rooms were burglarized, the trial court erred in imposing an offense gravity score of seven; this Court held that a score of six was proper. See 18 Pa.C.S. § 3502; 204 Pa.Code § 303.8); Commonwealth v. Cannon, 297 Pa.Super. 106, 443 A.2d 322 (1982) (breaking into locked, fenced back yard supported a reasonable inference that defendant intended to enter the house and commit a theft, thus a conviction for attempted burglary was affirmed. See 18 Pa.C.S. § 3502(a); 18 Pa.C.S. § 901(a)).

. We were not provided with a copy of the sentencing transcript, and thus have no means to further explore the disagreement concerning the sentencing aspect of 18 Pa.C.S. § 3502, as it relates to the instant parties. We note, however, that it is appellant's responsibility to provide us with a complete record for our appellate review. Commonwealth v. Williams, 357 Pa.Super. 462, 516 A.2d 352 (1986).

. The sentencing guidelines state that a burglary conviction with a statutory classification as a felony of the first degree could carry an offense gravity score of seven or six, depending on how the facts of a specific case correspond to the language of 18 Pa.C.S. § 3502(a). See 204 Pa. Code § 303.8, revised 8/9/91 (compare the 8/1/88 version of the sentencing guidelines, where each statutory classification of burglary was defined as a felony of the first degree).