J-A19028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERRY LEE FORTSON JR. | : | |
| | : | |
| Appellant | : | No. 570 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 9, 2020
In the Court of Common Pleas of Juniata County
Criminal Division at No(s): CP-34-CR-0000086-2019

BEFORE: BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED JANUARY 23, 2023**

Appellant, Terry Lee Fortson, Jr., appeals from the judgment of sentence entered in the Juniata County Court of Common Pleas, following his jury trial convictions for burglary, attempted burglary, criminal trespass, possession of marijuana, possession of drug paraphernalia, theft by unlawful taking, and harassment.[1] We affirm Appellant's convictions; however, we vacate the sentence imposed for his conviction for theft by unlawful taking.

The relevant facts and procedural history of this case are as follows. On March 29, 2019, Appellant and his co-defendant, Kristy LaRosa, traveled to Brookline Manor, a long-term and short-term care facility. Appellant entered

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(ii), 901(a), 3503(a)(1)(i); 35 P.S. § 780-113(a)(31)(i), (a)(32); 18 Pa.C.S.A. §§ 3921(a), 2709(a)(1).

Brookline Manor through the main entrance and then proceeded down the administrative hallway to the office of the activity director. Upon returning to her office, the activity director, Stephanie Stein, found Appellant standing behind the door of her office. (N.T. Trial, 9/21/20, at 26). Appellant was not permitted to be in her office, and there was no reason for him to be there. (*Id.* at 25, 30). Ms. Stein led Appellant back into the hallway, where he pushed her shoulder. Ms. Stein then ducked into the business manager's office and called 911. (*Id.* at 27). After the police arrived, Ms. Stein returned to her office and noticed that the $20 bill she had taken from the ATM earlier that day was not in her wallet. (*Id.* at 32).

After the incident at Brookline Manor, Appellant and LaRosa drove to the Bargain Barn. While they were driving, Appellant gave LaRosa a $20 bill for gas money. (*Id.* at 71). She then dropped him off at the Bargain Barn and waited in her car. (*Id.*)

Alesia Dalton, an associate at Bargain Barn, testified that she saw Appellant come into the store, and then walk behind the counter, where the cash register and other paperwork is located and where the workers sort clothing. She explained that behind the counter is the business area of the store where customers are not typically allowed. (*Id.* at 47-48). Ms. Dalton asked Appellant if he needed help and he said he was looking for some jeans. (*Id.* at 45-46). Ms. Dalton recalled that she escorted him to the men's jeans section, but then left the store immediately to call her boss. She explained to

her boss that Appellant was acting strange and that she wanted him to come to the store. (*Id.* at 49).

While she was outside, Ms. Dalton looked through the glass door and noticed Appellant again behind the counter, this time pushing buttons on the cash register. (*Id.* at 50). She confronted Appellant and he left without opening the cash register. (*Id.*) Ms. Dalton then called 911.

Police arrived and apprehended Appellant nearby. During his arrest, Appellant was found to be in possession of a small amount of marijuana and a glass pipe. The Commonwealth charged Appellant with burglary in connection with the Brookline Manor incident, attempted burglary in connection with the Bargain Barn incident, criminal trespass of Brookline Manor, possession of a small amount of marijuana, possession of drug paraphernalia, theft by unlawful taking, and harassment.

On September 21, 2020, a jury convicted Appellant of all charges. On December 9, 2020, the court sentenced Appellant to five to ten years of incarceration for burglary; one to two years of incarceration for attempted burglary, consecutive to the sentence for burglary; six to twelve months of incarceration, concurrently, for criminal trespass; fifteen to thirty days' imprisonment, concurrently, for possession of marijuana; three to six months of incarceration, concurrently, for possession of drug paraphernalia; three to six months of incarceration, concurrently, for theft by unlawful taking; and imposed a $25 fine for harassment.

Appellant filed a timely post sentence motion, which the trial court denied on March 30, 2021. Appellant filed a timely notice of appeal on April 26, 2021. On June 4, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following five issues:

1. Was the evidence at trial insufficient to prove beyond a reasonable doubt that Appellant committed the crime of burglary where the Commonwealth failed to prove that Appellant entered a portion of Brookline Manor adapted for overnight accommodations?

2. Was the evidence at trial insufficient to prove beyond a reasonable doubt that Appellant committed the crime of attempted burglary, where the Commonwealth failed to prove that Appellant entered a separately secured portion of the Bargain Barn business that was open to the public?

3. Did the trial court err in denying Appellant's post-sentence motion requesting vacated sentences, arrest of judgment and a new trial, where the verdict for the charges of burglary and theft by unlawful taking were so contrary to the weight of the evidence that it shocks one's sense of justice, where the Commonwealth's witness, Kristy LaRosa, testified that the $20.00 recovered from her was in her possession prior to criminal activity and where no witness testified that they observed Appellant in possession of the twenty-dollar bill allegedly taken from Brookline Manor?

4. Did the trial court err in failing to merge the crimes of criminal trespass and burglary for purposes of sentencing, thereby resulting in an illegal sentence?

5. Did the trial court err in failing to merge the crimes of theft by unlawful taking and burglary for purposes of sentencing, thereby resulting in an illegal sentence?

(Appellant's Brief at 6-7).

Appellant's first two issues concern the sufficiency of the evidence to support his convictions for burglary and attempted burglary. In reviewing a challenge to the sufficiency of the evidence, our well-settled standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

In his first issue, Appellant argues that the Commonwealth failed to

prove that the structure he entered at Brookline Manor was adapted for overnight accommodations. Specifically, Appellant claims the area of Brookline Manor which he entered was an administrative wing, separate from the portion of the building adapted for overnight accommodations and not part of the living spaces dedicated to the residents. Appellant insists that because the evidence adduced at trial did not establish that he entered any portion of the residential wings, the Commonwealth failed to prove the overnight accommodation element necessary to support his burglary conviction. (Appellant's Brief at 18-19). We disagree.

The version of Section 3502 of the Crimes Code that was in effect at the time of Appellant's offenses defines burglary, in relevant part, as follows:

> **§ 3502. Burglary**
>
> **(a) Offense defined.—** A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> (1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein;

18 Pa.C.S.A. § 3502(a)(1)(i) (effective Jan. 3, 2017 to September 8, 2022).

"To determine whether a structure is adapted for overnight accommodation, a court considers 'the nature of the structure itself and its intended use, and not whether the structure is in fact inhabited.'" ***Commonwealth v. Rivera***, 983 A.2d 767, 769 (Pa.Super. 2009), *appeal*

- 6 -

*denied*, 606 Pa. 647, 992 A.2d 888 (2010) (quoting **Commonwealth v. Nixon**, 801 A.2d 1241, 1247 (Pa.Super. 2002)).

In **Rivera, supra**, this Court considered whether evidence established that a structure was adapted for overnight accommodation. There, the structure in question was the complainant's basement which was "accessed only through an exterior entrance" but was "below the apartments under the same roof, and the complainant use[d] it to store personal belongings." **Id.** at 770-71. This Court noted that the fact that the basement was accessible only through a separate exterior entrance "does not sever it from the rest of the house." **Id.** at 771. The Court held that the basement was functionally connected to the rest of the house and was habitable itself, therefore meeting the definition of a place adapted for overnight accommodations. **Id. Compare Commonwealth v. Waters**, 988 A.2d 681, 684 (Pa.Super. 2009) (holding Commonwealth failed to show that the "building, structure or portion entered was part of the living space of the larger structure or was otherwise adapted for overnight accommodation," where Commonwealth produced no evidence that: tenants of apartments had keys or access to basements burglarized by defendants, (2) basements were part of living space of houses for any of tenants, or (3) basements were otherwise accommodated for overnight accommodation, *e.g.,* had running water or electricity, contained bed or any other furniture, etc.).

Instantly, the Commonwealth produced evidence that Brookline Manor

is a care facility with a capacity for housing 85 patients. The building has one main entrance which then branches off into three hallways: one for long-term care, one for short-term care, and an administrative hallway. (N.T. Trial at 25). The administrative hallway has four offices and a restroom. Ms. Stein testified that her office, which Appellant entered, has hooks for coats, a bookcase with a microwave and refrigerator on it, and her desk. (*Id.* at 28-29).

Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to sustain Appellant's burglary conviction. *Sebolka, supra*. Brookline Manor provides overnight accommodations for up to 85 patients. The administrative wing of that facility uses the same main entrance as the patient care wings. The areas are within one contiguous structure, which has been adapted for overnight accommodation. Significantly, the administrative wing is not severed from the rest of the facility. Moreover, Ms. Stein's office within the administrative wing contained a desk, coat hooks, a bookcase, a microwave, and a refrigerator. As such, we conclude that Brookside Manor, including Ms. Stein's office within the administrative wing, meets the definition of a place adapted for overnight accommodation. *See Rivera, supra*. Therefore, the evidence support's Appellant's conviction for burglary. Appellant's first issue merits no relief.

In his second issue, Appellant challenges the sufficiency of the evidence to support his conviction for attempted burglary of the Bargain Barn.

Appellant claims that the Commonwealth failed to establish that the portion of the Bargain Barn he entered where the cash register was located was not a separately secured or occupied portion of the business. (Appellant's Brief at 19-20). Appellant alleges that the store was open to the public when he entered, and the counter with the cash register was not blocked off in any way from the parts of the store that were open to the public. Appellant concludes the evidence was insufficient to prove he was guilty of attempted burglary, and this Court must grant relief. We disagree.

An individual commits the offense of attempted[2] burglary under the subsection charged if "with the intent to commit a crime therein, the person…enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present[.]" 18 Pa.C.S.A. § 3502(a)(3) (effective Jan. 3, 2017 to September 8, 2022).

Although there is a dearth of case law specifically analyzing "separately secured" for purposes of the burglary statute, this Court has considered such language for purposes of the criminal trespass statute. *See, e.g., Commonwealth v. Cook*, 547 A.2d 406, 409 (Pa.Super. 1988) (affirming appellant's conviction for criminal trespass where appellant entered stockroom

---

[2] "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).

- 9 -

which had closed door that was secured by unlocked padlock); *Commonwealth v. White*, 538 A.2d 887, 888 (Pa.Super. 1988) (holding that ladies' room entered by appellant was separately secured or occupied portion of country club).

Here, the record demonstrates that the area behind the cashier's register was a separately secured portion of the store, akin to an "employee's only" section where store patrons are not permitted. On this record and viewed in the evidence most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to convict Appellant of attempted burglary. *See Sebolka, supra*. Appellant's second issue merits no relief.

In his third issue, Appellant claims the jury's burglary verdict was against the weight of the evidence. Initially, however, we must consider whether Appellant has preserved this claim for our review. "[I]ssues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." *Commonwealth v. Hill*, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011), (overruled on other grounds by *Commonwealth v. Bradley*, 609 Pa. 410, 261 A.3d 381 (2021)).

Here, although Appellant raised his challenge to the weight of the evidence in his post-sentence motion, he did not include this claim in his Rule

1925(b) statement of errors complained of on appeal. (***See*** Statement of Errors Complained of on Appeal, filed 6/25/21). Therefore, the trial court did not address this argument in its Rule 1925(a) opinion. (***See*** Trial Court Opinion, filed 10/12/21). Accordingly, Appellant's weight claim is waived.[3]

In his fourth issue, Appellant argues the trial court imposed an illegal sentence when it failed to merge for sentencing purposes Appellant's burglary and criminal trespass convictions. Therefore, Appellant claims the sentence imposed is an illegal sentence which must be vacated.[4] (Appellant's Brief at 26-28). We disagree.

A claim that the trial court imposed an illegal sentence by failing to

_____

[3] Moreover, even if not waived, Appellant's claim would not merit relief. We review a challenge to the weight of the evidence for an abuse of discretion. ***Commonwealth v. Houser***, 610 Pa. 264, 276, 18 A.3d 1128, 1135 (2011) Here, Ms. Stein testified that she had a $20 bill in her wallet prior to Appellant entering her office, which was no longer there when she searched her purse after he left. Additionally, LaRosa testified that when she picked up Appellant outside Brookline Manor, he handed her a $20 bill. The jury found that this circumstantial evidence proved Appellant was guilty of burglary. ***Commonwealth v. Mobley***, 14 A.3d 887, 890 (Pa.Super. 2011) (explaining that Commonwealth may satisfy its burden of proof through wholly circumstantial evidence). The trial court denied Appellant's post-sentence motion, finding that the verdict did not shock one's sense of justice. ***See Houser, supra*** at 276, 18 A.3d at 1135-36 (stating: "[A] new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice") (citation omitted). Upon review, we conclude that the trial court did not abuse its discretion in denying Appellant's weight challenge. ***See id.***

[4] Although Appellant acknowledges that this Court has held that criminal trespass does not merge with burglary for sentencing purposes, he indicated that he wants "to preserve this issue for *en banc* consideration or Supreme Court review." (Appellant's Brief at 27).

- 11 -

merge sentences is a question of law. *Commonwealth v. Allen*, 24 A.3d 1058, 1062 (Pa.Super. 2011). Accordingly, our standard of review is *de novo* and our scope of review is plenary. *Id.*

Our legislature has addressed the mandatory merger of crimes for the purpose of sentencing in Section 9765 of the Sentencing Code, which provides:

> **§ 9765. Merger of sentences**
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Concerning the appropriate test for merger of crimes for sentencing, "[t]he statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 604 Pa. 34, 39, 985 A.2d 830, 833 (2009). However, "there is no merger if each offense requires proof of an element the other does not." *Commonwealth v. Quintua*, 56 A.3d 399, 401 (Pa.Super. 2012), *appeal denied*, 620 Pa. 730, 70 A.3d 810 (2013) (citations omitted).

In *Quintua, supra*, this Court considered the same issue raised in this matter, whether criminal trespass and burglary should merge for sentencing purposes. There, the court concluded that:

- 12 -

[e]xamining the elements of criminal trespass,[5] a conviction for that offense requires a person: (1) to break or enter into with subterfuge any building or occupied structure; (2) knowing he is not licensed or privileged to do so. *See* 18 Pa.C.S.A. § 3503(a)(1). On the other hand, to commit burglary, a person must: (1) enter a building or occupied structure; (2) with intent to commit a crime therein. *See* 18 Pa.C.S.A. § 3502(a). The plain language of the respective statutes demonstrates why they do not merge. Criminal trespass contains an element of knowledge—a person committing that offense must know he is not privileged to enter the premises. Burglary has no such knowledge requirement. Burglary does, however, require intent to commit a crime within the premises, an element that criminal trespass lacks. As each offense requires proof of an element the other does not, the sentences should not merge.

*Id.* at 402 (case citation omitted).

Based on the discussion and holding in ***Quintua***, Appellant's argument is meritless. His sentences for burglary and criminal trespass do not merge. Thus, Appellant's fourth issue merits no relief.

_____

[5] At the time of Appellant's offense, the Crimes Code defined criminal trespass as follows:

**§ 3503. Criminal trespass**

**(a) Buildings and occupied structures.—**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S.A. § 3503(a)(1)(i) (effective June 20, 2016 to January 26, 2020).

In his final issue, Appellant claims that his misdemeanor theft by unlawful taking conviction should have merged for sentencing with his burglary conviction. (Appellant's Brief at 29-30). Both the trial court and Commonwealth agree that the charges should have merged for sentencing. (*See* Trial Court Opinion at 7; Commonwealth's Brief at 16). We agree.

Section 3502(d) of the Crimes Code states: "A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S.A. § 3502(d). *See also Commonwealth v. Diaz*, 867 A.2d 1285, 1288 (Pa.Super. 2005) (holding that theft that occurred during course of burglary merges with corresponding burglary).

Based on the language of Section 3502(d), we agree with the parties that Appellant should not have been sentenced for both the burglary and the misdemeanor theft conviction. Accordingly, we affirm Appellant's convictions but vacate only his sentence of three to six months of incarceration for theft. However, because this sentence was imposed concurrent to the remainder of Appellant's sentences, vacating Appellant's theft sentence does not upset the trial court's sentencing scheme. Therefore, we are not required to remand to the trial court. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa.Super. 2006), *appeal denied*, 596 Pa. 745, 946 A.2d 687 (2008) (stating: "[I]f our decision does not alter the overall scheme, there is no need for a remand")

(citation omitted).

Convictions affirmed. Judgment of sentence vacated in part. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2023